DR. HÉCTOR A. HOYOS NAPOLEONI y su esposa ANA MARÍA TORRES, peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE PONCE, HON. HÉCTOR RUIZ SOMOHANO, demandado.

Número 2413.

*Sometido:* 10 de abril de 1958. *Resuelto:* 11 de abril de 1958.

*Héctor Lugo Bougal, William Morales Torres, Carlos J. Irizarry Yunqué, Enrique González Velázquez, Julio Viera Morales* y *Leopoldo Tormes García,* abogados de los peticionarios; *Hon. Secretario de Justicia J. B. Fernández Badillo, Arturo Estrella, Secretario Auxiliar de Justicia* y *Alfredo Archilla Guenard, Fiscal del Tribunal Supremo,* abogados del demandado.

---

RESOLUCIÓN

San Juan, Puerto Rico, a 11 de abril de 1958.

Examinados los autos y vistas las disposiciones de los artículos 480 y 483 del Código de Enjuiciamiento Criminal (34 L.P.R.A. secs. 1752 y 1755), se resuelve que el Tribunal Superior, Sala de Ponce, cometió error al negarse a oír el testimonio oral de Luis Ortiz Colón y que procede celebrar una nueva vista en el recurso de hábeas corpus para oír a dicho testigo y recibir cualquier otra prueba pertinente que deseen presentar ambas partes, al fin exclusivo de determinar si en ese momento existe o no causa probable para la detención de los peticionarios. En consecuencia, se anula la resolución recurrida y se devuelve el caso al tribunal a quo para ulteriores procedimientos.

Los fundamentos de esta resolución serán consignados más ampliamente en la opinión del Tribunal que se adoptará y archivará en autos oportunamente.

Lo acordó el Tribunal y firma el Juez Presidente Sr. Negrón Fernández, quien disiente por los motivos que expone en su voto particular.

Voto disidente del Juez Presidente Sr. Negrón Fernández

Me veo precisado a disentir por considerar que la declaración jurada prestada ante el Fiscal investigador por el testigo Luis Ortiz Colón, y ofrecida por el Ministerio Público en la vista del Hábeas Corpus en el Tribunal de instancia para sostener la existencia de causa probable para la detención de los peticionarios bajo el cargo de asesinato, perdió toda eficacia jurídica para sostener dicha causa probable, desde el momento mismo en que el Ministerio Público presentó en Corte la acusación por el delito de asesinato, para responder del cual se les había detenido, sin que incluyera en

la lista de los testigos al dorso de la misma, como uno de los que habría de utilizar en su contra para probar dicho cargo, a Luis Ortiz Colón.

Si bien la determinación de causa probable para un arresto no constituye determinación alguna sobre la inocencia o culpabilidad de la persona detenida, no es menos cierto que la causa probable que justifica la detención es aquella que se produce de una inferencia razonable de la probable culpabilidad de la persona detenida, debiendo surgir esta probabilidad de evidencia competente. El propósito de un arresto o detención para responder de un delito, previa determinación de causa probable—o de la fianza, al prestarse—es el de asegurar la comparecencia de la persona acusada para responder de dicho cargo, el cual formalmente queda formulado mediante la presentación de la correspondiente acusación en corte. En el presente caso, la declaración jurada del testigo Ortiz Colón es la única ofrecida por el Ministerio Público en el procedimiento de hábeas corpus que conecta a los peticionarios con el delito por el cual fueron arrestados, y por consiguiente, la única que aparece del récord ante nos tendiente a justificar la causa probable para la detención de los peticionarios. Me parece obvio que al informar el Ministerio Público a los peticionarios que el testimonio de dicho testigo no habrá de ser utilizado en su contra para sostener el cargo de asesinato formulado en virtud de la acusación presentada en corte, la declaración jurada de dicho testigo, ofrecida días antes en el procedimiento de hábeas corpus para sostener la probable culpabilidad de los peticionarios, no debe subsistir como causa de detención ni justifica que se prolongue la misma. Ha ocurrido, a mi juicio, por acción propia del Ministerio Público, un hecho posterior a la investigación hecha por el tribunal de instancia en el procedimiento de hábeas corpus, que justifica la excarcelación de los peticionarios, presumiendo como

debemos presumir, la legalidad original de su arresto, todo bajo el inciso 2 del art. 483 del Código de Enjuiciamiento Criminal—Título 34, sec. 1755 L.P.R.A.—por lo cual resulta innecesario, y ocioso en derecho, el que se oiga en persona a Luis Ortiz Colón dentro del procedimiento de hábeas corpus bajo las disposiciones del art. 480 del mismo cuerpo legal, Título citado, sec. 1752.

Es claro que el Ministerio Público puede, al devolverse el caso, dentro del propio procedimiento de hábeas corpus, ofrecer cualquiera otra prueba de la que disponga para el juicio, que pueda justificar, excluyendo la declaración jurada de Luis Ortiz Colón, la detención de los peticionarios. O puede, si así no lo hiciera y los peticionarios fueren excarcelados, obtener una nueva orden para su detención mediante prueba competente sometida a un magistrado, excluyendo la indicada.